ROSA SMYTH v. DR. J. A. MOFFETT et al.

Eastern Section. July 23, 1927.

No petition for Certiorari was filed.

1. **Pleading.** Where no defect appears on the face of the record defendant is not entitled to a motion to dismiss.

   In an attachment case where the sheriff's return on the summons showed that defendant was "not to be found in my county," held there was no defect appearing on the face of the record which would entitled the defendant to a motion to dismiss the attachment on the question that he was not a resident of the county but was a resident of another state.

2. **Appearance.** The giving of a forthcoming bond in an attachment suit does not constitute an appearance.

   Where defendant was sued in attachment and filed a forthcoming bond, held that the filing of the bond did not constitute an appearance such as would cut him off from filing a plea in abatement to the attachment.

3. **Appearance.** Filing of a motion to dismiss an attachment does not constitute an appearance.

   In an action in attachment where the defendant filed a motion to dismiss the attachment, held the filing of the motion did not constitute an appearance which would defeat the defendant's right to a plea in abatement.

Appeal in Error from Circuit Court, Hamilton County; Hon. Oscar Yarnell, Judge.

Reversed and remanded.

W. L. Tillett, and T. D. Fletcher, of Chattanooga, for plaintiff in error.

Chas. S. Coffey, of Chattanooga, for defendant in error.

THOMPSON, J. This suit was instituted in the circuit court of Hamilton county on November 30, 1926, by a writ of summons the material portion of which was as follows:

"You are hereby commanded to summon Dr. J. A. Moffitt and S. B. Stevens, G. C. Broome, and M. M. Allen, Jr., individually and as partners, doing business as The Stevens-Broome Drug Company, if to be found in your county, to appear . . . and there to answer Rosa Smyth in an action $10,000 damages personal injuries."

On the same day, i. e., November 30, 1926, the sheriff made the following return on this writ:

"Came to hand same day issued. Executed by reading and making known the contents of this summons to S. B. Stevens, G. C. Broome and Dr. J. A. Moffitt, and M. M. Allen, Jr. not to be found in my county, and summoning defendant as commanded."

It is undisputed that the three defendants, Stevens, Broome and Allen, were the three partners (Dr. Moffitt not being in the partnership) and that they operated the drug store. It is also undisputed that the return: "not to be found in my country" applied only to M. M. Allen, Jr.

On December 1, 1926, the following order was entered on the minutes:

"This day came the plaintiff by her attorneys, and it appearing to the court that the sheriff has returned the summons in this case in the words following, to-wit:

" 'The defendant, M. M. Allen, Jr., not to be found in my county, J. I. McGee, Deputy Sheriff.' It is therefore ordered, on motion of the plaintiff, that a judicial attachment issued against the estate of the defendant, M. M. Allen, Jr. When said attachment shall have been levied upon defendant's property, and returned, the clerk will make publication for said defendant as is required by law in original attachment suits."

On the same day, i. e., December 1, 1926, an attachment·was issued and went into the hands of the sheriff. On the same day, i. e., December 1, 1926, the sheriff made the following return on said attachment:

"Came to hand same day issued. Executed by attaching the stock of drugs, tobacco, etc; located at corner of Central Ave. & Main St. and doing business under the name of S. B. Stevens, G. C. Broom, and M. M. Allen, Jr., doing business as partners. All·set out in this writ as defendants in above styled case."

The next page in the record is the following:

"Forthcoming Bond
Rosa Smyth
v.
Dr. J. A. Moffitt, et al.

No. 36699
In the Circuit Court of Hamilton County, Tennessee.

"We, M. M. Allen, Jr., principal, and Tom Duff, surety, acknowledge ourselves indebted to Rosa Smyth in the sum of one thousand dollars. But if, in the event the said M. M. Allen, Jr. is cast in this suit with said Rosa Smyth in the circuit court of Hamilton county, Tennessee, wherein the property of said defendant M. M. Allen, Jr. has been attached by judicial attachment issued December 1st, 1926, they, the same defendants shall pay the value of the property attached or deliver said property into the said circuit court in as good condition as when attached, then this bond which is given for said property is to become void.

"Witness my hand this the 1st day of December, 1926.

"M. M. Allen, Jr.
"By S. B. Stevens
"S. B. Stevens,
"T. O. Duff."

We assume that this bond was filed in the case on or about the day it was executed, i. e., December 1, 1926, and that the goods were left in the possession of the defendants, etc.

On December 10, 1926, M. M. Allen, Jr., filed a motion as follows:

"M. M. Allen, Jr., one of the defendants in the above styled case, appearing especially for the purposes of the following motion and not otherwise, and specifically disclaiming any intention or purpose of entering a general appearance, now comes by his attorney and moves the court to dismiss the judicial attachment heretofore on the first day of December, 1926, sued out in this case and levied upon certain property or estate of the said M. M. Allen, Jr., on the ground that said attachment is illegal and void because he, the said M. M. Allen, Jr., was not, at the time the summons in this case was returned by the sheriff 'not to be found in my county' or at the time said attachment was issued and levied, a resident of Hamilton county, Tennessee, nor was he ever theretofore or since a resident of said county, and he is not now such a resident.

"The facts heretofore alleged will be fully sustained by affidavits upon the hearing of this motion."

On December 13, 1926, three affidavits were filed in support of said motion. One of them which is in substance the same as the other two was as follows:

"T. L. Morton, Oak Street, Chattanooga, Tennessee, first being duly sworn, upon his oath deposes as follows:

"Affiant states that he was born and reared near Summerville, Georgia, and that he has known M. M. Allen, Jr., all his life; that he, the same M. M. Allen, Jr., was born at Summerville, Georgia, and has lived there continuously until about one year ago; that he has been a traveling salesman for the past two years and during the last year has maintained headquarters at Atlanta, Georgia.

"Affiant further states that the said M. M. Allen, Jr., now resides in the State of Georgia, and that he does not now live in Hamilton county, Tennessee, and never has been a resident of or lived in said county."

On January 11, 1927, the following order or judgment was entered on the minutes:

"This cause came on to be heard on this the 10th day of January, 1927, before Hon. Oscar Yarnell, Judge, on motion of the defendant, M. M. Allen, Jr., to dismiss the attachment levied on certain of the estate of said defendant. Thereupon came the plaintiff and by oral motion made in open court moved the court to strike said motion

and the affidavits filed in support thereof on the grounds that said motion is frivolous and unknown in form and substance to the law, and the court having heard plaintiff's said motion, and the argument of counsel and having fully understood the same, is of opinion that plaintiff's said motion is not well taken, and the same is overruled, to which action of the court plaintiff excepted.

''And the cause coming on to be further heard on said defendant's motion to dismiss the attachment sued out in this cause, and levied upon certain property of the defendant, M. M. Allen, Jr. The court is of opinion that said motion is well taken, and the same is sustained, and said attachment is dismissed, discharged and for nothing held, and the sureties on the replevy bond are discharged, to which action of the court in dismissing said attachment plaintiff excepted, and thereupon in open court dismissed said suit as to all the other defendants, and prayed an appeal to the next term of the Court of Appeals at Knoxville, Tennessee, from said order dismissing said attachment and discharging the sureties on the replevy bond; and it appearing to the court that the only defendant now involved in the suit is M. M. Allen, Jr., and since the dismissal of said attachment he is no longer before the court. Plaintiff's said appeal is granted on condition that within thirty days from this date she give an appeal bond as required by law, or take the pauper oath made and provided for poor persons in such cases.''

On the next day, i. e., January 12, 1927, an order was entered on the minutes as follows:

''The plaintiff by her counsel dismisses her suit as to Dr. J. A. Moffitt, S. B. Stevens and G. C. Breeme.''

Plaintiff filed a pauper's oath within the time allowed, thus perfecting her appeal, and has assigned errors as follows:

''1. The court erred in dismissing plaintiff's attachment on the motion of the defendant.

''2. The court erred in discharging the sureties on the replevy bond on the ex parte proceeding in said cause.

''3. The court erred in abating said attachment in the absence of a plea in abatement, and in discharging the attached property on an ex parte hearing.

''4. The court erred in failing and refusing to hold that the replevy bond was a general entry of appearance by the defendant, M. M. Allen, Jr.

''5. The court erred in entertaining defendant's motion to dismiss said attachment.

''6. The court erred in failing and refusing to strike defendant's motion to dismiss the attachment.''

The attachment in this case was, of course, issued under the authority of Shannon's Code, Section 5226, and the sheriff's return

on the writ of summons being that the defendant, Allen, was "not to be found in my county," there was no defect appearing on the face of the record or proceedings, and defendant was not entitled by a motion to dismiss the attachment to make the question that he was not a resident of Hamilton county but was a resident of Georgia. This could only be done by a plea in abatement. This is not only the holding of the decisions cited in the footnotes to Shannon's Code, section 5236, but is the only logical conclusion that can be drawn from the following cases which deal with section 5226, itself: James v. Hall, 1 Swan. 298, Welch v. Robinson, 10 Humph. 264; Carlisle v. Cowan, 1 Pickle 165, 2 S. W. 26; Robeson v, Hunter, 6 Pickle, 242, 16 S. W. 466.

This, it seems to us, requires a reversal and remand of the case, and the question is whether we should remand it with permission to the defendant to file a plea in abatement. We think that the bond which Allen gave was a "forthcoming" bond rather than a "replevy" bond, and that the lien of the attachment was not released by it and will not be (in the absence of a dissolution of the attachment) until a forfeiture is taken on the bond. Caruthers' History of a Lawsuit, 3rd Edition, p. 372; Vol. 6, Corpus Juris, page 335.

This being true, the question is whether the making and filing of this bond by Allen constituted an appearance in the case, and would cut him off from filing a plea in abatement to the attachment. We find no decision of the Supreme Court on the question, but in 6 Corpus Juris, page 337, it is said:

"Where the attachment defendant gives a bond for the dissolution or discharge of the attachment, or for the performance of the judgment, it operates as an appearance, so that thereafter the action proceeds in personam as though it had been commenced by the service of an ordinary summons and no attachment had been issued, and a personal judgment is rendered as in ordinary cases; and it has also been held that the giving of a replevy bond, or a bond conditioned to have the property forthcoming, is sufficient to operate as an appearance.

"As a bond for the redelivery or forthcoming of the property, or which does not dissolve or discharge the attachment, will not prevent defendant from moving thereafter to discharge the same, it follows that the giving of such a bond does not bar a subsequent motion or other proceeding by defendant to vacate the attachment, although it has been held that the giving of a forthcoming bond is an admission of the validity of the levy which estops defendant from moving to quash it."

Again, in Vol. 4, Corpus Juris, page 1331, it is said:

"The giving of a bond operating as a discharge or dissolution of an attachment or garnishment operates as an appearance converting the

action from one in rem into one in personam. But by the weight of authority the giving of a mere replevy or forthcoming bond which does not operate as a dissolution of the attachment is not a general appearance, although there are cases to the contrary."

It seems to us that the better holding is—particularly as to a judicial attachment under Code Section 5226, where the substance of the only 'ground for the issuance of the attachment is that the defendant is a resident of the county but is evading the service of process—that the giving of a forthcoming bond neither operates as an appearance nor cuts off his right to plead in abatement to the attachment.

. Neither do we think the filing of the motion to dismiss the attachment constituted an appearance which cut off the defendant's right to file a plea in abatement.'

We are therefore of the opinion that the case should be reversed and remanded with the right to the plaintiff to proceed with the publication and her case generally, but with the right to the dedefendant, Allen, to file a plea in abatement if he so desires.

Portrum and Snodgrass, JJ., concur.